UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SAMUEL BOYKIN, as administrator of the
Estate of JOHN L. PHILLIPS, and MELVIN
DOZIER and KEVIN DOZIER, as Co-
Guardians of IRENE DOZIER, an
Incapacitated Person, and MELVIN DOZIER
and KEVIN DOZIER, Individually and on
behalf of all others similarly situated,

Plaintiffs,

– against –

1 PROSPECT PARK ALF, LLC, PROSPECT
PARK RESIDENCE HOME HEALTH CARE,
INC., PROSPECT PARK RESIDENCE LLC,
KOHL ASSET MANAGEMENT, INC., and
KOHL PARTNERS, LLC

Defendants.

**MEMORANDUM AND ORDER**

12-CV-6243

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2013 ★

BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

For reasons stated orally on the record and in this memorandum and order, the motions to

dismiss on the pleadings are denied but converted to a motion for summary judgment by

defendants against all plaintiffs. *See Carione v. United States*, 368 F. Supp. 2d 186, 191

(E.D.N.Y. 2005) ("Federal courts have complete discretion to determine whether or not to accept

the submission of any material beyond the pleadings offered in conjunction with a . . . motion [to

dismiss], and thus complete discretion in determining whether to convert the motion to one for

summary judgment." (quotation marks and citations omitted)). Notice to the parties that a

motion to dismiss is being converted into one for summary judgment is required. *See* Fed. R.

Civ. P. 12(d) (conversion of motion to dismiss to one for summary judgment requires that "[a]ll

parties be given a reasonable opportunity to present all the material that is pertinent to the

1



motion"); *Kopec v. Coughlin*, 922 F.2d 152, 154-55 (2d Cir. 1991). The complaint is poorly drafted, but there is enough in it to allow the case to go forward with expedited discovery and summary judgment briefing.

The focus at the summary judgment stage shall be on, *inter alia*, issues related to class action certification, subject matter jurisdiction, and the statute of limitations. A core issue will be whether the plaintiffs can show a compensable injury caused by defendants' conduct as required under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964(c), or any other cause of action they assert. *Cf., Anza v. Ideal Steel Supply Co.*, 547 U.S. 451 (2006).

The plaintiffs are given leave to file an amended complaint within fifteen days of the docketing of this order. Any amended complaint will be deemed denied by defendants. Mere lack of licenses, if services rendered were not affected, appears to be insufficient to support a private right of action.

The parties shall conduct expedited discovery and arrange a briefing schedule. Any disputes related to discovery or the briefing schedule are respectfully referred to the assigned magistrate judge.

A hearing on the motion for summary judgment and all other open issues will be held on August 29, 2013, at 10:00 a.m.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: May 29, 2013
      Brooklyn, New York

2