FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 30 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAMUEL BOYKIN, as administrator of the Estate of JOHN L. PHILLIPS, and MELVIN DOZIER and KEVIN DOZIER, as Co-Guardians of IRENE DOZIER, an Incapacitated Person, and MELVIN DOZIER and KEVIN DOZIER, and GEORGIA LEWIS as administrator of the Estate of MARY JOAN BARNETT, Individually and on behalf of all others similarly situated,

Plaintiffs,

– against –

1 PROSPECT PARK ALF, LLC, PROSPECT PARK RESIDENCE HOME HEALTH CARE, INC., PROSPECT PARK RESIDENCE LLC, KOHL ASSET MANAGEMENT, INC., and KOHL PARTNERS, LLC

Defendants.

**Memorandum and Order to Broadcast Summary Judgment Hearing**

No. 12-CV-6243

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

The parties are directed to arrange for audio broadcasting of the summary judgment hearing scheduled for November 14, 2013. If practicable, video live-streaming of the hearing shall be provided. Reception shall be in a communal room at Prospect Park Residence where putative class members may listen to and/or view the proceedings. *See* ECF No. 41. Prominent notice of the transmission shall be provided to putative class members no fewer than fifteen (15) days in advance of the hearing.

Technological advances have mooted the idea that depersonalization is required in aggregate litigation. The Internet and social networking tools are means of creating more efficient communication among lawyers, clients and the court. *See generally The*



1

*Democratization of Mass Actions in the Internet Age*, 45 Colum. J.L. & Soc. Problems 451 (2012).

In the instant litigation, the legal representatives of three former residents of Prospect Park Residence, an assisted living residence located in Brooklyn, New York, seek relief on behalf of themselves and a putative class. They sue defendants which either have an ownership or management stake in Prospect Park Residence. Alleged is that defendants intentionally misrepresented that the facility was licensed under New York law when no license had been acquired, causing an overcharge for rent.

The individual members of the putative class are mainly elderly, frail and with little knowledge of civil litigations. Their legal representatives must help them navigate the complex web of federal, state and local laws that govern the delicate—and difficult—task of caring for those needing assisted living.

Trial courts are vested with an inherent power to achieve orderly and expeditious disposition of cases. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (inherent authority to "prevent undue delays in the disposition of cases and to avoid congestion in the calendars of the District Courts"); Fed. R. Civ. P. 1 ("just, speedy, and inexpensive determination of every action and proceeding"); Fed. R. Civ. P. 16(a) (authority to "establish[] early and continuing control so that the case will not be protracted because of lack of management"). *See also* Local R. 1.8 of the U.S. Dist. Ct. for the S. and E. Dists. of N.Y. (2013) (discretion to broadcast court proceeding rests with court officials). The ability of class members and courts to monitor lawyers and class representatives in the pursuit of individual justice through aggregate litigation should be enhanced to the extent practicable. *See generally* Individual Justice in Mass

Tort Litigation: The Effects of Class Actions, Consolidations, and Other Multiparty Devices (1995).

A primary objective of the trial judge presiding over an aggregate action is to "ensure that the clients receive fair information" from their attorneys and class representatives. *See* Alvin K. Hellerstein, *Presiding Over Mass Tort Litigation to Enhance Participation and Control by the People Whose Claims Are Being Asserted*, 45 Colum. J.L. & Soc. Problems 473, 477 (2012). Appropriate attention must be given to ensuring that adequate information about the litigation reaches the real parties in interest and the communities which may be affected by the court's decisions. Ultimately, an informed decision to participate or not in the litigation may have to be made by individual members of the class should they be in a position to opt out of it.

Connecting the court with the community its work might affect is essential. *Cf. In re Agent Orange Prod. Liab. Litig.*, 597 F. Supp. 740, 764-75 (E.D.N.Y. 1984) (describing communications received by court from class members). Open, accessible and well-advertised hearings provide the best opportunity for contact between the court and litigants.

The parties are permitted thirty (30) days to object to this order. The parties shall contact the court's deputy, Miss June Lowe, 718-613-2525, to arrange for compliance.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: July 25, 2013
      Brooklyn, New York